# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 5:08 pm, Jul 01, 2008

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | |
| R. J. GROOVER CONSTRUCTION, | ) | Chapter 11 Case |
| L.L.C. | ) | Number <u>08-40386</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | |
| | ) | |
| ROBERT J. GROOVER, JR. | ) | Chapter 11 Case |
| TINA A. GROOVER | ) | Number <u>08-40391</u> |
| | ) | |
| *Debtors* | ) | |
| | ) | |
| | ) | |
| | ) | |
| ANNETTE KARP | ) | |
| | ) | |
| *Movant* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R. J. GROOVER CONSTRUCTION, | ) | |
| L.L.C., | ) | |
| ROBERT J. GROOVER, JR. | ) | |
| TINA A. GROOVER | ) | |
| | ) | |
| *Respondents* | ) | |

## MEMORANDUM AND ORDER
## ON MOTION FOR RELIEF FROM STAY

R. J. Groover Construction, L.L.C. ("L.L.C.") and Robert J. Groover

("Groover"), as a joint petitioner with his wife, each filed for Chapter 11 on March 3, 2008.

On April 8, 2008, Mrs. Annette Karp filed for relief from the automatic stay in both cases pursuant to 11 U.S.C. § 362(d)(1) to proceed with a property damage and personal injury action in state court naming both debtors as defendants. After a trial on the merits conducted on May 7, 2008, I enter the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

L.L.C., a Georgia limited liability company, is engaged in the business of building homes in Chatham County, Georgia. On November 20, 2002, L.L.C. entered into a residential construction contract with Mrs. Karp for the construction of a residence at 3 6th Terrace Lane, Tybee Island, Georgia, 31328. L.L.C. started construction in January 2003 and left the job site on October 28, 2003. Brief in Opposition, Case No. 08-40386, Dckt. No. 30. Exhibit A (May 2, 2008).

On August 28, 2003, L.L.C. obtained a commercial general liability policy from Builders Insurance Group, Inc. ("Builders"). Having effective dates of August 28, 2003 to August 28, 2004, the policy (No. 445000000545) has limits of $1,000,000 per occurrence. $1,000,000 for personal and advertising injury, $2,000,000 in general aggregate, and $2,000,000 in products/completed operations aggregate. Brief in Opposition, Case No. 08-40386, Dckt. No. 30, pg. 32, Exhibit B.

On June 21, 2005, Mrs. Karp filed a complaint in state court against L.L.C. and Groover. Mrs. Karp alleged six claims: negligent construction; breach of warranty;

breach of the construction contract; breach of an implied contract to properly build the home; fraud; and attorney's fees. Brief in Opposition, Case No. 08-40386, Dckt. No. 30, Exhibit A (May 2, 2008). Mrs. Karp argued in the complaint that the two defendants "made several errors during the construction of the residence, including installation of base molding before the tile was installed, failure to leave space for master bedroom television as contemplated by the building plans, installing the roof over the master bedroom in a manner that caused it to leak, etc." Id. Also, in the underlying litigation, Mrs. Karp pointed to mold and water intrusion, a problem which she argues makes the house uninhabitable. Brief in Opposition, Case No. 08-40386, Dckt. No. 30, pg. 2.

On March 3, 2008, L.L.C. and Groover, with his wife, separately filed for Chapter 11. On April 8, 2008, Mrs. Karp filed for relief from stay in both bankruptcy cases "for purposes of proceeding with a property damage and personal injury action naming Debtor as a Defendant in Civil Action No. STCV05-01727 which was filed in the State Court of Chatham County, State of Georgia in June of 2005." Mrs. Karp asked that the stay be lifted to the extent insurance is available under the Builders insurance policy to satisfy a judgment in her favor. Motion for Relief from Stay, Case No. 08-40386, Dckt. No. 18, pg. 1-3; Case No. 08-40391, Dckt. No. 30, pg. 1-3.

Builders opposes the motion for stay relief, contending that Mrs. Karp failed to show "cause" sufficient to justify lifting the stay. Arguing that this case is exactly like In re Carraway Methodist Health Sys., 355 B.R. 853 (Bankr.N.D.Ala. 2006), Builders argues

that (1) Mrs. Karp had only filed a "four paragraph skeleton pleading" where she did not address the ten factors laid out in <u>Carraway</u>; (2) no trial date exists for the underlying proceeding; (3) the debtors have not proposed a reorganization plan yet; and (4) "there is no evidence that Builders is contractually obligated to provide a defense for Groover and pay a potential judgment." <u>Brief in Opposition</u>, Dckt. No. 30, pg. 3-5. Furthermore, despite the fact that Builders has been providing the debtors with a defense in the underlying dispute for two years, Builders contends that if relief is granted, "Builders may well deny coverage and withdraw its defense" of the defendants. <u>Supplemental Brief in Opposition</u>, Case No. 08-40386, Dckt. No. 41, pg. 2-3 (May 21, 2008).

The debtor-in-possession ("DIP") also opposes the motion for stay relief and agrees with all of Builders arguments. In addition, the DIP argues that:

(1) The case is not ready for trial.

(2) Judicial economy would be better served by having all issues associated with this claim heard by the Bankruptcy Court, rather than having some issues decided in the state courts before bringing Movant's claim over to the Bankruptcy Court.

(3) Debtor-in-Possession's Chapter 11 case has been pending for less than three months. The Debtor-in-Possession should have additional time to try to get its reorganization case on track before having to focus its efforts in the state courts on defending Movant's disputed unsecured claim.

(4) The costs of defense, along with the amount of time that would be needed to prepare and defend Movant's

claims would be extremely burdensome to the estate . . .

(5) From the Debtor-in-Possession's perspective, Movant's chances of success on the merits are slim at best.

(6) Debtor-in-Possession's defenses do not in large measure depend on the expertise of the state court system . . .

(8) Allowing Movant to go forward in the state court system will interfere with the reorganization efforts of the Debtor-in-Possession in that it will siphon off limited resources (both tangible and intangible) in defending a declaratory judgment action and Movant's main claims in the state courts.

(9) The impact on Movant of lifting the stay is to give her a tactical windfall at the expense of the Debtor-in-Possession and its creditors . . .

(10) There are no third parties associated with Movant's claims over which the Bankruptcy Court lacks jurisdiction.

Brief in Opposition, Case No. 08-40386, Dckt. No. 40, pg., 2-3 (May 21, 2008).


In response, Mrs. Karp argues that Builders' contest of insurance coverage is untimely because the issue was raised only after a failed mediation in December of 2007, more than two years after Builders was placed on notice of the claims and it undertook the defense of the debtor. Also, Mrs. Karp points out that the majority of discovery has already been completed in the underlying proceeding. Response, Case No. 08-40386, Dckt.No. 50, pg. 1-2 (June 11, 2008).

## CONCLUSIONS OF LAW

Section 362(d)(1) of the Bankruptcy Code permits a bankruptcy court to terminate, annul, modify, or condition the stay for "cause." The party opposing the stay relief has the ultimate burden of disproving the existence of "cause." 11 U.S.C. §362(g)(2). However, the movant has the initial burden to show that "cause" exists. Section 362(d)(1) does not define "cause," so a bankruptcy court must determine "cause" based on the totality of the circumstances. In re George, 315 B.R. 624, 628 (Bankr.S.D.Ga. 2004)(Davis, J.).

In determining whether to lift the automatic stay so a party may commence or continue litigation in another forum, most courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." In re Carraway Methodist Health Sys., 355 B.R. at 853. In applying this balancing test, courts have considered numerous factors:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

In re N.Y. Med. Group, P.C., 265 B.R. 408, 413 (Bankr.S.D.N.Y. 2001); *see also* Sonnax Indus. Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990); Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal), 159 B.R. 90, 96 (D.P.R. 1993) *aff'd*, 23 F.3d 395 (1st Cir. 1994); Busch v. Busch (In re Busch), 294 B.R. 137, 141 n. 4 (10th Cir.B.A.P. 2003); In re Plumberex Specialty Prod., Inc., 311 B.R. 551, 559 (Bankr.S.D.Cal. 2004); In re Fowler, 259 B.R. 856, 859 n.1 (Bankr.E.D.Tex. 2001); Wilson v. Unioil (In re Unioil), 54 B.R. 192, 194 (Bankr.D.Colo. 1985); In re Curtis, 40 B.R. 795, 799-800 (Bankr.D.Utah 1984); *c.f.* In re Carraway Methodist Health Sys., 355 B.R.at 853; In re Marvin Johnson's Auto Service, Inc., 192 B.R. 1008, 1014 (Bankr.N.D.Ala. 1996)(similar 10-factor test).

In weighing these factors, this Court does not need to specifically address each of the various factors, but instead only needs to consider those factors relevant to particular case, and this Court does not need to assign them equal weight. In re Sonnax Indus., Inc., 907 F.2d at 1286; In re Bison Resources, Inc., 230 B.R. 611, 617-18 (N.D.Okla. 1999); Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship. (In re Burger Boys), 183 B.R. 682, 688 (S.D.N.Y. 1994); In re Plumberex Specialty Prod., Inc., 311 B.R. at 559; In re N.Y. Med. Group, P.C., 265 B.R. at 413; In re United Imp., Inc., 203 B.R. 162, 167 (Bankr.D.Neb. 1996); In re U.S. Brass Corp., 176 B.R. 11, 13 (Bankr.E.D.Tex. 1994).

Here, Mrs. Karp has made a *prima facie* showing that "cause" exists. First, the state court proceeding has been pending for almost three years and much of the discovery has been completed. (Factors # 1, # 10, # 11). As stated by Seventh Circuit Court of Appeals, "[w]here the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed." IBM v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.), 938 F.2d 731, 737 (7th Cir. 1991); *see e.g.,* Crown Heights Jewish Cmty. Council, Inc., v. Fischer (In re Fischer), 202 B.R. 341, 355 (E.D.N.Y. 1996); In re Mid-Atl. Handling Sys., L.L.C., 304 B.R. 111, 131 (Bankr.D.N.J. 2003); Murray Indus., Inc., v. Anstech Chem. Corp. (In re Murray Indus., Inc.), 121 B.R. 635, 637 (Bankr.M.D.Fla. 1990); In re Kaufman, 98 B.R. 214, 215 (Bankr.E.D.Pa. 1989); *cf.* In re Sonnax Indus., 907 F.2d at 1287 (declining to lift stay in part because "the litigation in state court has not progressed even to the discovery stage."); Arnold Dev., Inc., v. Collins (In re Collins), 118 B.R. 35, 38 (Bankr.D.Md. 1990)(declining to lift

stay where parties in state court proceeding had not yet begun discovery).

Second, the debtors will not be negatively affected by granting conditional relief from the automatic stay to allow Mrs. Karp's litigation to proceed. (Factors #2 and #5). L.L.C. and Groover argue that the time required to defend the suit would burden the estate. While "it may be inconvenient and physically taxing" on the debtors to participate in the trial or discovery, "the Court rejects the notion that lifting the stay in this case will impermissibly interfere" with the debtors' bankruptcy. *See* <u>In re Robertson</u>, 244 B.R. 880, 883 (Bankr.N.D.Ga. 2000)(rejecting the debtor's argument that his "fresh start" would be jeopardized by having to participate in the state court litigation); <u>In re Doar</u>, 234 B.R. 203, 206 (Bankr.N.D.Ga. 1999). Furthermore, the estate will not suffer any cost in defending the suit since Builders has assumed the defense for the debtors in the underlying state court litigation for approximately two years.

Third, the other creditors in the debtors' bankruptcy will not be harmed by granting the motion because any possible recovery will be limited to the available insurance proceeds, and Mrs. Karp will not be able to enforce any judgment against the debtors or the estate without further order of this Court.(Factor # 7). *See* <u>In re Loudon</u>, 284 B.R. 106, 108 (8th Cir. B.A.P. 2002); <u>In re G.S. Distrib., Inc.</u>, 331 B.R. 552, 567-68 (Bankr.S.D.N.Y. 2005)(finding that granting stay relief to movant in order to pursue litigation in district court would not prejudice the debtor's other creditors because the movant would not be able to enforce any money judgment it may receive without permission from the court.).

As a consequence of this showing, the burden shifts to the debtors and Builders to demonstrate an absence of "cause." L.L.C., Groover, and Builders rely primarily on In re Carraway Methodist Health Sys., 355 B.R. 853 (Bankr.N.D.Ala. 2006), and they argue that the facts of the present case are similar to the facts in Carraway. I disagree.

In Carraway, the Bankruptcy Court for the Northern District of Alabama denied the creditor's motion for relief from stay to continue litigation in state court for several reasons. First, in a "mere five paragraph skeleton pleading" and at the hearing, the creditor-movant did not limit the relief sought to any available insurance proceeds, did not address any of the above factors, and did not identify the insurer. Id. at 854-55. Second, at the hearing, the creditor-movant failed to provide any testimony or evidence in support of the motion, there was no discussion of why the state court was any better situated than the bankruptcy court to liquidate the creditor's claim, and the creditor did not provide a copy of the complaint to the court nor give any description of the action. Id. Third, the court noted that the creditor was incarcerated, thus the court found that the creditor would not be prejudiced by delaying the underlying state court litigation. Id. at 855-56. The court also pointed out that the debtors faced a large number of pending lawsuits, were in the midst of serious negotiations on a consensual plan of reorganization that would deal with all the lawsuits in a uniform fashion, and the underlying state court litigation was relatively new. Id. at 855.

Here, the present case only has one common fact with Carraway: Mrs. Karp

did not address the above factors in her motion for relief from the stay. However, this lone

fact is not dispositive. Unlike <u>Carraway</u>, Mrs. Karp provided evidence in support of her

motion at the hearing, is not incarcerated, has explained why the state court would be better

than this Court at hearing this case, limited the relief sought to identifiable insurance

proceeds, identified the insurer and provided evidence that the insurer has been providing

defense for approximately two years, and provided this Court with a copy of the State Court's

complaint. Also in the present case, there is no multiplicity of litigation, the debtors are not

yet in serious negotiations on a consensual plan of reorganization, and the underlying state

court litigation has been pending for almost three years. I find that <u>Carraway</u> is not persuasive

in the present case.


The Honorable W. Homer Drake has generally encapsulated the proper

analysis in <u>In re Robertson</u> as follows: (1) whether any great prejudice to either the

bankruptcy estate or the debtor will result from prosecution of the lawsuit; (2) whether the

hardship to the non-debtor party by continuation of the automatic stay considerably

outweighs the hardship to the debtor; and (3) whether the creditor has a probability of success

on the merits.  244 B.R. 880, 882 (Bankr. N.D.Ga. 2000); *see also* <u>In re Fernstrom Storage</u>

<u>and Van Co.</u>, 938 F.2d at 735 (observing that three essential themes emerge from the

multiple factors relied upon by leading cases).


In light of the previous discussion, and focusing on this broad test adopted

by Judge Drake, I conclude that no great prejudice will befall debtor or debtor's estate if this

limited relief is granted.  As of this time, the case is being defended by the insurer, and the

relief sought is limited to the proceeds of any applicable coverage. Further, the hardship to Mrs. Karp is substantial. For as long as the stay remains in effect, she is being denied her day in court on a claim that has been in litigation for a long time. This hardship outweighs any inconvenience that Debtor may suffer as a result of having to cooperate with the insurer in the defense of this case.

Finally, while <u>Robertson</u> assessed the likelihood of success on the merits, I do not find that to be relevant here. In the absence of a showing that the case is entirely and unquestionably frivolous (as in the case of a suit brought against the wrong party or beyond the statute of limitations), this factor is of limited relevance. I do not find it possible in many, or appropriate in most, circumstances to assess likelihood of success on the merits of a case which is not before me, and which would likely never be tried in this Court. *See* 28 U.S.C. § 1334(c).

Builders also suggests that if this motion is granted, the bankruptcy estate will be harmed when Builders seeks to determine whether the insurance policy covers Mrs. Karp's lawsuit, an action which will cause the estate to suffer costs in defending the action. Builders also indicated that it may simply deny coverage and withdraw from defense of the state court suit. Indeed, Builders has already filed a motion for relief from stay in order to pursue the declaratory judgment action on the coverage issue. Without judging the merits of Builders' legal position as to coverage, I will condition my grant of this motion to permit Mrs. Karp to continue the underlying state court litigation as long as Builders continues to

provide a defense to L.L.C. and Groover.[1]

## O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Motion for Relief from Stay is GRANTED, subject to the following conditions:

1)    Annette Karp may proceed in the prosecution of her State Court action against Debtors to conduct and conclude discovery, engage in motion and pre-trial proceedings, settlement discussions, and with trial of the case and appeal, if any, of the verdict.

2)    Annette Karp is permitted to enforce any judgment only to the extent of applicable insurance coverage of the Debtors in these cases.

3)    This authority is granted only for so long as a defense is provided to Debtors by Builders or other insurance, if any.

4)    Should Builders deny coverage and cease to defend the State Court case, or should any declaratory judgment action be initiated by any party to determine the extent of

---

[1]  11 U.S.C. § 362(d) provides that a court may lift, modify, or <u>condition</u> the automatic stay.

insurance coverage, the relief afforded by this Order shall be stayed, unless Annette

Karp elects to underwrite the cost of litigation of that coverage issue at no cost to

Debtors or the estate, and without the right to later assert any claim against Debtors

or their estates.

 

                                              Lamar W. Davis, Jr.
                                              United States Bankruptcy Judge

Dated at Savannah, Georgia

This 1st day of July, 2008.